IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL S. CREEL,

    **Plaintiff,**

    v.                                                                                    CASE NO. 25-3135-JWL

UNITED STATES OF AMERICA,

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael S. Creel is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter Before the Court

Plaintiff filed this case in the United States District Court for the District of Columbia, and it was transferred to this Court on July 15, 2025. (Doc. 7.) Plaintiff, a federal prisoner appearing pro se, sues the United States under the Federal Tort Claims Act ("FTCA"). The FTCA's special venue provision requires such claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The case was transferred to this Court because Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that his personal property was wrongfully seized and destroyed while housed at FCIL. (Doc. 1, at 1.) Plaintiff alleges that around March 12 through 24, 2024, a massive search was conducted by employees of the Federal Bureau of Prisons ("BOP") at FCIL. *Id*. at 2. Plaintiff alleges that the search was conducted because a firearm was allegedly smuggled into FCIL, but the allegation proved to be false. *Id*.

1

Plaintiff alleges that around March 3, 2024, inmates at FCIL were given a list of property that was authorized for retention by regulation, and on March 5, 2024, they were notified that all their allowable property must fit in a green duffle bag, or it would be "disposed of as trash." *Id*. at 2–3. Plaintiff alleges that inmates were not given confiscation forms for excess or unallowable property. *Id*. at 3. Plaintiff alleges that he was removed from his cell and forced to leave hundreds of dollars of personal property in the cell. *Id*. When Plaintiff returned, all his excess property was gone, and when he received his green duffle bag back, it was missing almost half of the allowable property it contained. *Id*. at 3–4. Plaintiff did not receive a confiscation form, which was "in violation of policy." *Id*. at 4.

Plaintiff lists the items he lost, worth a total of $739.90. *Id*. at 4–5. Plaintiff seeks compensation for the lost property in the amount of $739.90, punitive damages, and declaratory relief. *Id*. at 6–7.

## II. Screening Standards

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

> at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be
>  granted; or
> (iii) seeks monetary relief against a defendant who
>  is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true,

2

could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

A court may dismiss a complaint sua sponte under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991) (citations omitted)).

## III. DISCUSSION

Plaintiff asserts a claim under the Federal Tort Claims Act ("FTCA"). The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises,*

3

> *Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)). Plaintiff has attached his Form 95 that was filed on June 20, 2024. (Doc. 1–1, at 1.)

4

However, Plaintiff's claim, which is based on the confiscation or loss of his personal property, is barred by sovereign immunity because it is excepted from the FTCA. *See* 28 U.S.C. § 2680(c) (exception to FTCA's waiver of sovereign immunity includes claims arising from the detention of property by law enforcement officers); *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 228 (2008) (holding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" as the term is used in § 2680(c)); *Williams v. Mestas,* 355 F. App'x 222, 225 (10th Cir. 2009) (unpublished) (holding that FTCA claim against prison officials arising from mishandling of personal property during transfer to another institution was improper because claim was barred by sovereign immunity); *Robinson-Bey v. Feketee,* 219 F. App'x 738, 741–42 (10th Cir. 2007) (holding that FTCA did not waive sovereign immunity as to inmate's claim for lost or stolen property allegedly in possession of prison officials); *Greer v. U.S.*, 72 F. App'x 793, 797 (10th Cir. 2003) (unpublished) (finding United States did not waive sovereign immunity where legal documents were "goods" and prison employees are "law enforcement officers" under 28 U.S.C. § 2680(c)).

Moreover, to the extent that Plaintiff asserts that the loss of his property was an unauthorized intentional act under 28 U.S.C. § 2680(h), a claim premised on an alleged intentional destruction of property is also outside the scope of the FTCA. *See Williams*, 355 F. App'x at 225 ("Insofar as Mr. Williams might argue that the property damage was intentional, moreover, the statute would not waive sovereign immunity for that type of intentional action.") (citing 28 U.S.C. § 2680(h); *Lane v. Pena,* 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text, and will not be implied.") (citations omitted)); *see also Dalton v. United States*, 2022 WL 21808236, at *2–4 (D. Colo. 2022), *adopted by* 2022 WL 21808239 (D. Colo. 2022) (citing *see* 28 U.S.C. § 2680(h) (the

waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution)).

"Congress . . . did provide an administrative remedy for lost property claimants . . . Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain 'claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment.'" *Ali*, 552 U.S. at n.7.  The claim must be presented to the head of the agency within one year after it accrues.  31 U.S.C. § 3723(b).

Therefore, whether Plaintiff asserts that the loss of his property was intentional or negligent, the Court lacks subject matter jurisdiction over his FTCA claim, and Plaintiff's Complaint is subject to dismissal.

### IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 6, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated August 7, 2025, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE