## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MICHAEL S. CREEL,**

  **Plaintiff,**

   **v.**          **CASE NO. 25-3135-JWL**

**UNITED STATES OF AMERICA,**

  **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff filed this case in the United States District Court for the District of Columbia, and it was transferred to this Court on July 15, 2025. (Doc. 7.) Plaintiff, a federal prisoner appearing pro se, sues the United States under the Federal Tort Claims Act ("FTCA"). The FTCA's special venue provision requires such claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The case was transferred to this Court because Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 13).

Plaintiff's factual allegations and the Court's screening standards are set forth in the MOSC. In summary, Plaintiff alleges that his personal property was wrongfully seized and destroyed while housed at FCIL. (Doc. 1, at 1.) Plaintiff seeks compensation for the lost property in the amount of $739.90, punitive damages, and declaratory relief. *Id*. at 6–7.

Plaintiff asserts a claim under the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, that "allows the United States to be sued for claims arising out of negligent or wrongful acts or

omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)).  The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The Court found in the MOSC that Plaintiff's claim, which is based on the confiscation or loss of his personal property, is barred by sovereign immunity because it is excepted from the FTCA.  *See* 28 U.S.C. § 2680(c) (exception to FTCA's waiver of sovereign immunity includes claims arising from the detention of property by law enforcement officers); *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 228 (2008) (holding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" as the term is used in § 2680(c)); *Williams v. Mestas,* 355 F. App'x 222, 225 (10th Cir. 2009) (unpublished) (holding that FTCA claim against prison officials arising from mishandling of personal property during transfer to another institution was improper because claim was barred by sovereign immunity); *Robinson-Bey v. Feketee,* 219 F. App'x 738, 741–42 (10th Cir. 2007) (holding that FTCA did not waive sovereign immunity as to inmate's claim for lost or stolen property allegedly in possession of prison officials); *Greer v. U.S.*, 72 F. App'x 793, 797 (10th Cir. 2003) (unpublished) (finding United States did not waive sovereign immunity where legal documents were "goods" and prison employees are "law enforcement officers" under 28 U.S.C. § 2680(c).

"Congress . . . did provide an administrative remedy for lost property claimants . . . Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain 'claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of

an officer or employee of the United States Government acting within the scope of employment.'" *Ali*, 552 U.S. at n.7. The claim must be presented to the head of the agency within one year after it accrues. 31 U.S.C. § 3723(b).

The Court found in the MOSC that whether Plaintiff asserts that the loss of his property was intentional or negligent, the Court lacks subject matter jurisdiction over his FTCA claim, and Plaintiff's Complaint is subject to dismissal.

In his response, Plaintiff argues that "unduly general interpretations of the exceptions run the risk of defeating the central purpose of the statute." (Doc. 13, at 2) (citing *Kosak v. United States*, 465 U.S. 848, 853 n.9 (1984)). However, the Court cited the *Ali* case in the MOSC. *Ali* is a Supreme Court case decided after *Kosak*. The Supreme Court noted that the *Kosak* decision "had no bearing on the meaning of 'any other law enforcement officer'" and "expressly declined to reach the issue." *Ali*, 552 U.S. at 218, n. 3. *Ali* involved almost the exact same situation as the current case. It involved Federal Bureau of Prison officers who allegedly lost an inmate's personal property during a transfer.

Plaintiff alleges that for the exception in § 2680(c) to apply, the claim must arise "in respect of the assessment or collection of any tax or customs duty, or the detention of any good . . .." (Doc. 13, at 2.) Plaintiff argues that he did not claim that the BOP officers detained his property. *Id*. at 3. In *Ali*, the petitioner argued that § 2680(c) only applies "to law enforcement officers enforcing customs or excise laws, and thus does not affect the waiver of sovereign immunity for his property claim against officers of the Federal Bureau of Prisons (BOP)." *Ali*, 552 U.S. at 216. The Supreme Court upheld the dismissal of petitioner's claim and held that "the broad phrase 'any other law enforcement officer' covers all law enforcement officers." *Id*. The facts in *Ali* were very similar to the instant case. The inmate in *Ali* put his property in duffle bags for transfer, and when

he was given the duffle bags some days later, he noticed that several items were missing.  *Id*.  The Supreme Court in *Ali* assumed, without deciding, that the BOP officers "detained" the petitioner's property within the meaning of the statute.  *Id*. at n. 2.  The Supreme Court noted that the Court of Appeals held that the "detention" clause was satisfied, and the petitioner "expressly declined to raise the issue on certiorari."  *Id*.  This Court has noted that Tenth Circuit precedent prior to the *Ali* decision "was entirely consistent with its holding."  *Paredes v. U.S. Dep't of Justice*, 2010 WL 1643767, at n.1 (D. Kan. 2010) (citing *Young v. U.S.,* 148 F. App'x 681 (10th Cir. 2005) (holding the district court lacked subject matter jurisdiction under the FTCA to consider federal prisoner's action to recover for property lost during his incarceration); *Rigsby v. U.S.* 91 F. App'x 103 (10th Cir. 2004) (affirming dismissal for lack of subject matter jurisdiction where federal prisoner claimed prison officials lost his property)).

Plaintiff has not provided any authority in support of  his argument that he did not claim that the BOP officers detained his property.  Whether he claimed it or not, the cases dealing with BOP officers' handling of an inmate's property support the finding that this constitutes detention.  *See Brown v. United States*, 384 F. App'x 815, 818 (10th Cir. 2010) ("we have held that § 2680(c) bars a prisoner's claim to recover for lost personal items that were detained by officers when he was placed in the SHU") (unpublished) (citing *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1206, 1213 (10th Cir.2003), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007); *see also Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002) (holding § 2680(c) applies when prisoner alleges officers detained property and mailed it outside prison)); *see also Paredes*, 2010 WL 1643767, at *2 ("Section 2680(c) includes claims 'arising out of' the detention of property, and both negligent handling or storage.") (citing *Kosack*, 465 U.S. at 854).

4

In *Brown*, the Tenth Circuit rejected an argument that the BOP officers did not "handle" Brown's property because they did not touch it. *Brown*, 384 F. App'x at 818.   The Tenth Circuit held that:

> Mr. Brown's singular focus on the officer's failure to touch his property before allowing other prisoners access to it improperly equates "handle" with "detain." Mr. Brown alleged that a BOP officer tasked with detaining his property used a key to open his storage locker. At that point the BOP officer was exercising a measure of dominion over Mr. Brown's property such that it was within the officer's custody. Mr. Brown alleged the officer then wrongfully permitted other inmates to rifle through the locker and steal some of his property. His allegations fall squarely within the scope of a claim for wrongful detention of property under § 2680(c).

*Id*. (citing *Kosak,* 465 U.S. at 854; *Steele,* 355 F.3d at 1213; *see also* 4 Oxford English Dictionary 545 (2d ed.1989) (defining "detention" broadly, as "[k]eeping in custody or confinement," not as limited to physical handling or restraint)).

The Supreme Court in *Ali* held that the text of the statute indicates "that Congress intended to preserve immunity for claims arising from the detention of property, and there is no indication that Congress intended immunity for those claims to turn on the type of law being enforced." *Id*. at 220–21.   The Supreme Court noted that § 2680(c) provides instances where the waiver of sovereign immunity still applies, and found that they did not apply to petitioner's claim because his property was not "seized for the purpose of forfeiture." *Id*. at 221.

Plaintiff argues that he was not provided with a confiscation form as required by 28 CFR § 553.13. (Doc. 13, at 3–4.)  Plaintiff claims that this was an abuse of process and deceit. *Id*. at 4.  Plaintiff claims that under § 2680(h) of the FTCA, the government waives sovereign immunity for intentional torts, including abuse of process and deceit by law enforcement officers. *Id*.

The Court found in the MOSC that to the extent that Plaintiff asserts that the loss of his property was an unauthorized intentional act under 28 U.S.C. § 2680(h), a claim premised on an

alleged intentional destruction of property is also outside the scope of the FTCA. *See Williams*, 355 F. App'x at 225 ("Insofar as Mr. Williams might argue that the property damage was intentional, moreover, the statute would not waive sovereign immunity for that type of intentional action.") (citing 28 U.S.C. § 2680(h); *Lane v. Pena,* 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text, and will not be implied.") (citations omitted)); *see also Dalton v. United States*, 2022 WL 21808236, at *2–4 (D. Colo. 2022), *adopted by* 2022 WL 21808239 (D. Colo. 2022) (citing *see* 28 U.S.C. § 2680(h) (the waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution)).

Plaintiff's attempt to frame his claim as a claim for abuse of process does not provide him with relief. *See DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 – 24 (9th Cir. 2019) (finding abuse of process claim barred by § 2680(c) and stating that all injuries associated in any way with the detention of goods is encompassed in § 2680(c)) (citation omitted); *see also Lippman v. City of Miami*, 622 F. Supp. 2d 1337, 1344 (S.D. Fla. 2008) (stating that "none of the enumerated intentional torts in 28 U.S.C. § 2680(h) concerns damage to property") (citing *Jeanmarie v. United States*, 242 F.3d 600, 604–05 (5th Cir. 2001) (addressing this exception in the context of intentional torts committed incident to search of a vehicle and holding that the waiver of immunity in section 2680(h) only applies to tortious conduct that does *not* involve the seizure and detention of goods)).

Plaintiff has failed to show good cause why this action should not be dismissed for lack of jurisdiction as set forth in the Cout's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

**Dated October 1, 2025, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**